IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BETH ANNE SPERRING, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 16-1555
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Beth Anne Sperring ("Sperring") brings this action pursuant to 42 U.S.C. § 1383(c)(3) for review of the ALJ's decision denying her claims under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-1383f. Sperring previously filed for, and was awarded, benefits for a closed period of disability from May 2, 2009 through April 25, 2011. (R. 80-87) Her condition improved and she returned to full-time work with no restrictions. However, on June 6, 2013, Sperring filed an application for DIB and SSI alleging disability beginning on May 13, 2013. (R. 11) Following a hearing before an ALJ, during which both Sperring and a vocational expert ("VE") testified, the ALJ denied her claim. The ALJ concluded that Sperring had the residual functional capacity ("RFC") to perform light work, with some restrictions. (R. 18) Sperring appealed. Pending are Cross Motions for Summary Judgment. *See* ECF Docket Nos.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

[9] and [11]. After careful consideration, the case is reversed and remanded for further consideration.

## Legal Analysis

1. <u>Standard of Review</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as Amore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir.

1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with

or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

      2. <u>Evidence from Prior Period</u>

Although Sperring raises several issues, I need only address one. According to Sperring, medical opinions relating to her condition prior to the onset date were made part of the record.[2] Yet, the ALJ failed to address these opinions in denying her claim. Sperring does not argue that the medical opinions should have had been given conclusive effect; instead she merely argues that such evidence was relevant to the issue of disability and the ALJ should have considered them and articulated the weight she gave them. After careful consideration, I agree with Sperring.

An ALJ is required to consider *all* medical opinions in the record. *See* 20 C.F.R. § 404.1527(c)(2). The regulations do not carve out an exception for medical opinions which predate the alleged onset of disability. *Id.* Evidence relating to a period prior to the onset of disability may be "relevant to evaluate the longitudinal effectiveness of treatment, or whether a period of improvement may, in fact, demonstrate a momentary remission." *McKean v. Colvin*, 150 F. Supp.3d 406, 414 (M.D. Pa. 2015).[3] Indeed, the regulations indicate that medical opinion evidence predating the claimant's filing can be relevant. *See* 20 C.F.R.§ 404.1512 (stating that "[b]efore we make a determination that

---

[2] The opinions were submitted in connection with the prior claim. They supported an award of benefits.

[3] As the *McKean* court acknowledged, other circuits have held that "res judicata does not prevent evidence introduced in support of the prior claim to prove disability at the later onset date." *McKean*, 150 F. Supp.2d at 413, *citing, Hillier v. Social Security Administration*, 486 F.3d 359, 365 (8th Cir. 2007) ("Especially in the context of a progressive disease or degenerative condition, evidence that is offered as proof of a disability, and not found persuasive by an ALJ in a prior proceeding, may be considered in a subsequent proceeding in combination with new evidence for the purpose of determining if the claimant has become disabled since the ALJ's decision.") and *Groves v. Apfel*, 148 F.3d 809, 810-11 (7th Cir. 1998) (although final judgment denying application for social security disability benefits was res judicata, this did not render evidence submitted in support of that application inadmissible on second application alleging later onset date, to establish, in combination with later evidence, that claimant became disabled after period covered by first proceeding).

4

you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application.") "It is logical that medical observations suggesting that a claimant suffered from limitations at one point are relevant to the question of whether or not the claimant suffered from the same limitations either before or after that point. Although opinions rendered contemporaneously may have greater relevance, such fact does not render medical opinions from a different period of time irrelevant." *McQueen v. Colvin*, Civ. No. 15-5893, 2016 WL 4009850 at * 3 (W.D. Wash, July 27, 2015).

Certainly, an ALJ is not *obligated* "to find evidence prior to the onset date to be relevant or probative." See *Giese v. Comm'r. of Soc. Sec.*, 251 Fed. Appx. 799, 804 (3d Cir. 2007). However, where the record contains medical opinion evidence from the period prior to the onset date the ALJ cannot simply ignore it. He or she must explain the weight accorded to the evidence. "[A]s the Court in *O'Donnell v. Astrue* observed, the mere fact that evidence exists prior to disability onset date does not automatically mean that such evidence is not relevant, nor does it relieve an ALJ of the duty to explain why evidence predating the onset date would not be afforded substantial weight." *McKean v. Colvin*, 150 F. Supp.3d 406, 414 (M.D. Pa. 2015), *citing, O'Donnell v. Astrue*, Civ. No. 10-1478, 2011 WL 3444194 at *7 n. 7 (W.D. Pa. Aug. 8, 2011). Thus, "[w]hile an ALJ is free to reject a medical source's conclusions, *Chandler v. Comm'r. of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2012), the ALJ must indicate why evidence was rejected, so that a reviewing court can determine whether significant probative evidence

was not credited or simply ignored." *McKean,* 150 F. Supp. 3d at 414-15, *citing, Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) and *Mistick v. Colvin*, Civ. No. 12-1031, 2013 WL 5288261 (W.D. Pa. Sept. 18, 2013)[4]. *See also, Davidson v. Colvin*, 164 F.Supp.3d 926, 941-42 (N.D. Tex. 2015) (finding persuasive decisions from other circuits which "have found that an ALJ may not simply ignore medical opinions because they pre-date the onset of disability or post-date the last insured date, since that evidence can be relevant to a claim of disability."); *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (finding that the ALJ erred by failing to acknowledge any of the medical evidence before the year that the claimant's disability allegedly began because the regulations required him to consider all of the evidence in the record when determining whether the claimant was disabled); *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) ("even if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ"); *DeBoard v. Comm'r. of Soc. Sec.*, 211 Fed. Appx. 411, 414 (6th Cir. 2006) ("We do not endorse the position that all evidence or medical records predating the alleged date of the onset of disability … are necessarily irrelevant …. We recognize that evidence presented at an earlier hearing or predating the onset of disability*, when evaluated in combination with later evidence*, may help establish

---

[4] The Commissioner cites to one of my prior decisions, *Greenwald v. Berryhill*, Civ. No. 16-500, 2017 WL 1022580 (W.D. Pa. March 16, 2017) in support of the proposition that an ALJ's failure to even mention a medical opinion supporting the plaintiff's claim can be excused where that opinion is from a period prior to the onset of disability. Admittedly, in "some circumstances, a piece of evidence can be so lacking in probative value, or so overwhelmed by countervailing evidence, that it can be implicitly rejected without explanation." *McConnell v. Astrue*, Civ. No. 9-44, 2010 WL 2925053 at * 9 (W.D. Pa. July 20, 2010), *citing, Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-05 (3d Cir. 2008). This case does not present such circumstances. The medical opinions rendered by Dr. Prybock (R. 414-420) and Dr. Boettcher (R. 457-460) in the prior proceedings are supportive of Sperring's contentions. Indeed, the ALJ in the prior proceeding cited to Dr. Prybock's opinion in support of the award of benefits.

disability. This is particularly true when the disabling condition is progressive.") (*emphasis in original*); *Burles-Marshall v. Shalala*, 7 F.3d 1346, 1348 n. 6 (6th Cir. 1993) ("Evidence from the record of a prior claim may be relevant to a claim of disability with a later onset date."); *Frustaglia v. Sec'y. of Health & Human Servs.*, 829 F.2d 192, 193 (1st Cir. 1987) (noting that "the ALJ is entitled to consider evidence from a prior denial for the limited purpose of reviewing the preliminary facts or cumulative medical history necessary to determine whether the claimant was disabled at the time of his second application"); *Halvorsen v. Heckler*, 743 F.2d 1221, 1225-26 (7th Cir. 1984) (finding "no doubt that medical evidence from a time subsequent to a certain period is relevant to a determination of a claimant's condition during that period" and that the ALJ's "little, if any, consideration" of medical records post-dating the claimant's date last insured mandated reversal.); *McQueen v. Colvin*, Civ. No. 15-5893, 2016 WL 4009850 at * 3 (W.D. Wash. July 27, 2016) (stating that "[t]he Court finds persuasive the Ninth Circuit's conclusion in *Williams,* and the similar conclusion by other circuits that an ALJ errs by failing to consider medical opinion evidence from shortly before the period of alleged disability if that evidence is significant and probative."); *citing, Williams v. Astrue*, 493 Fed. Appx. 866, 868 (9th Cir. 2012) (concluding that an ALJ erred in failing to consider medical opinions predating the claimant's alleged onset of disability); and *Martin v. Astrue*, Civ. No. 8-1013, 2010 WL 1038484 at * 5 (M.D. Fla. March 19, 2010) (rejecting the Commissioner's argument that the ALJ was not required to consider medical opinions submitted in connection with a previously adjudicated application, noting that "the ALJ must weight all the evidence presented in accordance with the Regulations").

Because the reports from Dr. Prybock and Dr. Boettcher were part of the record and because the ALJ's decision is silent as to the weight she accorded them, this case must be remanded for further discussion. As observed by the *Martin* court, "the Court is left to wonder how this evidence was weighed and if the opinions stated therein were discounted or disregarded, why the ALJ made such a determination." *Martin*, 2010 WL 1038484 at * 5. Because proper consideration of these opinions might make a difference in assessing Sperring's residual functional capacity, on remand the ALJ should state with specificity the weight she gives this evidence. However, Sperring "is cautioned that this opinion does not suggest she is entitled to disability benefits. Rather it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act." *Id.*, at * 7.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BETH ANNE SPERRING )
    Plaintiff, )
)
  -vs- ) Civil Action No. 16-1555
)
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 9th day of February, 2018, it is hereby ORDERED that the decision of the ALJ is reversed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted and Defendant's Motion for Summary Judgment (Docket No. 11) is denied. This case is remanded for further proceedings consistent with the Opinion issued in conjunction with this Order.

                                            BY THE COURT:

                                            /s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.